GERALD C. STERNS  (Bar No. 029976)
BRENDA D. POSADA (Bar No. 152480)
STERNS & WALKER
901 Clay Street
Oakland, CA  94607
Telephone:  (510) 267-0500
Facsimile:  (510) 267-0506

Attorney for Plaintiff
GREG HALTERMAN

E-filing

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREG HALTERMAN,                          )   Case No.:  C 04 3953
                                                           )
                    Plaintiff,               )
                                                           )   **COMPLAINT FOR DAMAGES-**
          vs.                                 )   **PERSONAL INJURY**
                                                           )   (Aircraft Incident in International
DELTA AIR LINES, INC., QANTAS  )   Carriage/Transportation)
AIRWAYS, LIMITED, and SKYWEST, INC. )
                                                           )   **DEMAND FOR JURY TRIAL**
                    Defendants.             )
                                                           )

COMES NOW Plaintiff and complains of each Defendant as follows:

I.

## PARTIES

1. Plaintiff GREG HALTERMAN, (Plaintiff) an individual, is a citizen and resident of
Colorado Springs, Colorado.

2. Defendant DELTA AIR LINES, INC., is organized under the laws of the State of
Delaware, has its principle executive offices in Atlanta, Georgia, and is registered and doing

1

business in the State of California. DELTA AIR LINES, INC. is authorized by the United States to operate and carry passengers and cargo in air transportation.

3. Defendant QANTAS AIRWAYS, LIMITED is a foreign corporation duly organized and existing under the laws of the Commonwealth of Australia, and having its registered office in New South Wales, Australia. QANTAS AIRWAYS LIMITED is authorized by the United States to operate and carry passengers and cargo in air transportation.

4. Defendant SKYWEST, INC. is incorporated under the laws of the State of Utah with its principle place of business in St. George, Utah. SKYWEST has various principle hubs, including hubs located in San Francisco, California, from which it offers frequent flights. SKYWEST, INC. has been a code-sharing partner with DELTA AIR LINES, INC. in Salt Lake City since 1987. SKYWEST, INC. is authorized by the United States to operate and carry passengers and cargo in air transportation.

II.

## JURISDICTION

### Federal Jurisdiction

5. Jurisdiction exists under Federal Question in that the rights and obligations of the parties are governed by the Federal Treaty – Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. § 40105, commonly known as "THE WARSAW CONVENTION" and/or in the alternative under The Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal, May 28, 1999, commonly known as "THE MONTREAL CONVENTION".

\\\

2

**Personal Jurisdiction and Venue**

5. Jurisdiction and venue of this Court are appropriate under Article 33(2) of THE MONTREAL CONVENTION in that THE MONTREAL CONVENTION confers national jurisdiction on the federal courts of the United States since the plaintiff passenger is a citizen of the United States domiciled in Colorado Springs, Colorado and Plaintiff is informed and believes that DELTA AIR LINES, INC., QANTAS AIRWAYS, LIMITED and SKYWEST, INC., operate commercial flights within, to and/or from the United States and/or maintain offices in the United States, thereby fully satisfying Article 33 (2) of THE MONTREAL CONVENTION. Furthermore, the passenger ticket was purchased and issued in Colorado Springs, Colorado, USA, thereby satisfying Article 28 (1) of the WARSAW CONVENTION.

III.

**INTRADISTRICT ASSIGNMENT**

6. The accident alleged herein did not occur in a county located in the jurisdiction of this court but rather took place in international air space. There is no basis for assigning this matter to a particular location or division under Civil L.R.3-2 (c).

IV.

**GENERAL ALLEGATIONS**

7. At all times herein mentioned, Defendant DELTA AIR LINES, INC., QANTAS AIRWAYS, LIMITED and SKYWEST, INC., both were and are common air carriers of passengers for hire on regular schedules, over definite designated routes, including the routes that were to be traveled by Plaintiff GREG HALTERMAN as hereinafter alleged, soliciting the patronage of the traveling public, and advertising schedules for routes, times of departure and arrival, and rates of fare and other travel related services.

3

8. On or about October 25, 2002, Plaintiff was traveling as a fare paying passenger in economy class aboard SKYWEST, INC., on a flight 3938 departing from Colorado Springs, Colorado, to Salt Lake City, Utah. Plaintiff thereafter connected with DELTA AIRLINES, INC., a code-partner of SKYWEST, INC., and boarded Flight 1681 to Los Angeles, California. After a four hour layover in Los Angeles, plaintiff boarded QANTAS AIRWAYS, LIMITED Flight Number QF94, an overnight flight. Apparently due to irregular circumstances deviating from the normal operation of this flight, Qantas was forced to stop in Sydney for an unplanned, unexpected, and unusual layover, deviating from the pre-planned direct flight into Melbourne. After an approximate 3 hour layover in Sydney, Plaintiff re-boarded QANTAS and flew to Melbourne, arriving at approximately 11:00 a.m. on October 27, 2002, a total of 28 hours after the original time of departure. Plaintiff was therefore involved in "International Transportation" within the meaning of Article 1 (2) of THE WARSAW CONVENTION and/or "MONTREAL CONVENTION".

9. At all relevant times hereto, after boarding the respective flights, and while in air transit, he experienced irregular altitude, inadequate air circulation and oxygenation, inadequate pressurization within the cabin due to a faulty and abnormal pressurization system(s), turbulence, cramped seating, inadequate hydration, and/or other unexpected and/or unusual factors associated with Defendants DELTA AIR LINES, INC., QANTAS AIRWAYS, LIMITED, and SKYWEST, INC.'s aircraft, acts which were in violation of widely recognized industry standards or the airline policy of DELTA AIR LINES, INC., QANTAS AIRWAYS, LIMITED, and SKYWEST, INC.

10. At all relevant times hereto, QANTAS AIRWAYS, LIMITED experienced an unexpected, unusual delay as a result of various factors, including but not limited to the aircraft's fuel imbalance due to a mismanaged fuel and/or cross-feed or a mismanaged fuel tank transfer,

and/or as a result of other unexpected, unusual and abnormal deviations from industry standards, policies or rules.

11. At all times relevant times hereto, it was the custom, standard, policy, rule, routine and/or procedure among air carriers such as defendants DELTA AIR LINES, INC., QANTAS AIRWAYS, LIMITED and SKYWEST, INC. to warn passengers of the risks of developing Deep Vein Thrombosis (DVT) a life threatening medical condition, and to warn or advise passengers of the simple steps the passengers could take to minimize those risks. In addition, Defendants, and each of them, failed to properly warn Plaintiff about the health risks associated with developing DVT, nor did Defendants provide any symptomology to enable Plaintiff to make an informed decision regarding when medical treatment is necessary in order to prevent aggravation of a developing existing injury, permanent health problems and/or otherwise mitigate the health impact of his DVT injury.  Plaintiff was not provided with sufficient fluids during these flights, as is necessary to avoid dehydration, a condition which Defendants, and each of them, know or should have known increases the risk of developing DVT.  Plaintiff was discouraged by Defendants, and each of them, from walking about the cabin while onboard the plane.  Said risks could have been significantly reduced or eliminated by the simple displaying of safety placards, oral announcements, video showings, distribution of advisory brochures, and/or other types of communication warning of the health risks of DVT, its symptoms, as well as its prevention and/or mitigation.  Defendants DELTA AIR LINES, INC., QANTAS AIRWAYS, LIMITED's and SKYWEST, INC.'s failure to warn and/or advise as alleged above created a foreseeable serious risk of injury. Providing the appropriate warnings in compliance with normal procedures would not have unreasonably interfered with the normal, expected or usual operation of the airplane.

12.  At all times relevant thereto, Defendants DELTA AIR LINES, INC., QANTAS AIRWAYS, LIMITED and SKYWEST, INC. by failing to provide appropriate warnings in the face of a known serious risk, by failing to ensure proper weight balance on the aircraft, by failing to inspect and/or make repairs to defective or unsafe mechanical components, carried out their procedures in an unusual, abnormal, and unexpected manner.  Further, at all times relevant thereto, the conduct of each Defendant's flight crew was unusual, unexpected and abnormal, constituting an event external to Plaintiff, and leading to the development of his DVT, and not caused solely by Plaintiff's own conduct or physical condition.  By reason of the above premises, the actions and/or inactions upon which this lawsuit is based constitute an Article 17 "Accident" pursuant to the Warsaw Convention.

13. At all relevant times time hereto, Defendants, and each of them, further willfully misrepresented the safety of such long flights. Plaintiff is informed and believes that Defendants, and each of them, were aware of the medical and scientific articles warning and advising of the dangers associated with air travel, including the risk of developing pulmonary embolism, cardiac arrest and/or other life threatening condition such as DVT.  In addition, Defendants, and each of them, were aware of the future possibility that a person who develops DVT is at serious risk of disfigurement, scarring, and even limb amputation if the DVT does not stabilize or resolve itself. At no time were these risks made known to passenger Plaintiff.  In fact, at all times relevant hereto, Defendants actively discouraged passengers from moving around the aircraft, and ordered that passengers not move around by the placement of the seatbelt sign during flight particularly during periods of unusual and unexpected turbulence.

14. At all relevant times hereto, Defendants, and each of them, did not inspect, repair or make safe any existing known or unknown defect(s) and/or other existing unsafe condition within

6

its aircraft, which may have detrimentally affected the proper pressurizing, oxygenation, weight

balance or other condition which in turn contributed to the development of Plaintiff's life-

threatening DVT injury as herein alleged.

15. At all relevant times hereto, Defendants, and each of them, breached their duty as

common carriers and were negligent in and about the operation, planning, maintenance and

control of each flight in question, and failed to take proper precautions for the reasonably safety of

the passengers or give adequate or appropriate warnings in connection with known or expected

conditions to be encountered on the flight. In addition, there are other instances of breach of

common carrier duties constituting events and/or actions within the meaning of "Accident" as

above-mentioned on the parts of Defendants DELTA AIR LINES, INC., QANTAS AIRWAYS,

LIMITED, and SKYWEST, INC., the exact specifics of which are currently unknown.

Furthermore, Defendant DELTA AIR LINES, INC., QANTAS AIRWAYS, LIMITED, and

SKYWEST, INC.'s breach of their contract of carriage with Plaintiff, contributed to the injuries

and damages sustained as set forth above.

16. At all times relevant hereto, all Defendants, and each of them, acted in a manner which

constituted an unusual, abnormal and unexpected happening or event, which was external to the

Plaintiff, and individually and/or collectively, constituted an "Accident" within the meaning of

Article 17 of the WARSAW CONVENTION, thus making Defendants DELTA AIR LINES,

INC., QANTAS AIRWAYS, LIMITED, and SKYWEST, INC. liable therefore, all of which were

part of the chain of causes leading to the development of Plaintiff's DVT injury.

17. As a direct, legal and proximate result of this prolonged period of immobility, irregular

altitude, turbulence, cramped seating, dehydration, inadequate air circulation and oxygenation,

failure to warn of a known danger, inadequate pressurization, inadequate hydration, improper

weight balance and therefore unexpected delay, defective seats, and/or other unexpected and/or

unusual factors associated with Defendant DELTA AIR LINES, INC., QANTAS AIRWAYS,

LIMITED, and SKYWEST, INC.'s aircraft, all events which are external to Plaintiff, Plaintiff

developed a blood clot in his leg and other medical complications, which led to his development

of the life threatening medical

condition known as DVT, all to his general damages in a sum in excess of the jurisdictional

minimums of this court.

18. As a direct, legal and proximate result of the above premises, Plaintiff sustained serious

and permanent physical and emotional injuries, including physical disfigurement, scarring, severe

anxiety, continuing pain and impaired mobility, and other complications which are proximately

and legally caused by DELTA AIR LINES, INC., QANTAS AIRWAYS, LIMITED and

SKYWEST, INC. as set forth above.

19. As a further direct, legal and proximate result of the above premises, Plaintiff suffered

loss of income, employee benefits and impairment of his earning capacity, medical expenses, and

other related incidental damages resulting from having to prematurely canceling a pre-paid, two

month adventure excursion throughout Australia, New Zealand and Fiji for a monetary loss in

amounts currently unknown.

V.

### NON-APPLICATION OF ARTICLE 22 LIMITS OF LIABILITY UNDER ARTICLE 25 OF THE WARSAW CONVENTION

20. Prior to October 25, 2002, Defendant DELTA AIR LINES, INC. and QANTAS

AIRWAYS, LIMITED signed and incorporated into their tariffs the International Air Transport

Association Intercarrier Agreement on Passenger Liability approved by the Department of

Transportation (D.O.T.) Order 96 11 6 (D.O.T. Nov. 12, 1996) ("IATA Intercarrier Agreements"),

8

1  modifying the terms of the Warsaw Convention to assume unlimited liability for any passenger's

2  injury caused by an accident within the meaning of Article 17, unless it is proved by the carrier

3  that it took all necessary measures to avoid the accident. Pursuant to the International Air

4
5  Transport Association's Intercarrier Agreement on Passenger Liability, to which Defendants

6  DELTA AIRLINES, INC. and QANTAS AIRWAYS, LIMITED are parties and signatories, the

7  Defendants DELTA AIR LINES, INC. and QANTAS AIRWAYS, LIMITED are absolutely liable

8  to Plaintiff for his damages sustained as a result of the accident complained of herein up to

9
10 100,000 Special Drawing Rights, as this amount is defined and calculated in the IATA

11 Agreements and implementing documents.  As to any damages sustained in excess of said amount,

12 the Defendants DELTA AIR LINES, INC. and QANTAS AIRWAYS, LIMITED are liable unless

13 they can meet their burdens of proof, pursuant to Article 20 of the Warsaw Convention, that they

14 took all necessary  measures to avoid the accident complained of herein, or that it was impossible

15 to take such measures.

16

17      21.  In the event it is determined that the IATA Agreements do not apply to the action

18 herein, the Plaintiff alleges in the alternative that the accident was a result of Defendants DELTA

19 AIR LINES, INC., QANTAS AIRWAYS, LIMITED and SKYWEST INC.'s willful misconduct

20 under Article 25 of the Warsaw Convention, making them absolutely liable to the Plaintiff for the

21
22 full amount of his damages, without limitation.

23      WHEREFORE, the Plaintiff prays judgment as follows:

24      1. For general, as plead and according to proof;

25      2. For special damages, as plead and according to proof;

26
27      3. For attorneys' fees, pre-judgment interest, post-judgment interest, and such other relief

28      as may be allowable under the applicable law;

COMPLAINT FOR DAMAGES-PERSONAL INJURY

1    4. For costs of suit; and

2    5. For such other and further relief that the Court may deem proper.

3                          **DEMAND FOR JURY TRIAL**

4
     Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 3-6 of the local rules
5
6    of practice for the United States District Court, Northern District of California, and plaintiff

7    hereby demand a jury trial in this matter.

8

9    Dated: September 17, 2004              GERALD C. STERNS (Bar No. 029976)
10                                          BRENDA D. POSADA  (Bar No.152480)
                                            STERNS & WALKER
11

12

13                                          By: _____
                                                Brenda D. Posada
14                                              Attorneys for Plaintiff
                                                GREG HALTERMAN
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        10