1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   In re DEEP VEIN THROMBOSIS            MDL Docket No 04-1606 VRW
     LITIGATION
12                                                  ORDER

13   This Document Relates To:

14   Halterman v Delta Airlines, Inc,
     Qantas Airways, Limited and
15   Skywest, Inc,  No 04-3953
     _____/
16

17          Plaintiff Greg Halterman requests clarification of the

18   court's July 10, 2007 order granting Qantas's motion for summary

19   judgment.  Doc #629.  Specifically, Halterman seeks clarification

20   of the court's denial of Halterman's FRCP 56(f) request for further

21   discovery.  Id.  Halterman takes issue with language in the order

22   suggesting that he failed to pursue discovery in a diligent manner.

23   Halterman states that he was "never given any meaningful

24   opportunity to conduct discovery" because "[d]iscovery was stayed

25   completely until late 2006" and thereafter, discovery was "severely

26   limited in scope by this Court."  Id at 2-3.  Halterman points to

27   the following dialogue from the January 16, 2007 case management

28   conference:

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> **Ms Posada: Can we also have an opportunity to, I have the
> flight crew on board the Qantas aircraft identified for
> depositions, we would need to have their depositions to have
> them testify about what exactly happened during that flight.
> Whether or not the passengers were allowed to get up and move
> about.**
>
> **The Court: Well, I think, it's – I don't think there's
> probably any difficulty in providing the identity of those
> flight crew members, whether we need the deposition of those
> individuals prior to the filing and the hearing of the summary
> judgment is more doubtful here.**
> **If you can make a showing based upon what you learn from the
> flight history, from the testimony of Mr Halterman the
> plaintiff, and what other evidence he develops and the
> identity of those flight crew members, then obviously if you
> can make that showing then an extension to take further
> discovery would be appropriate.**
> **But, I think, I need a little bit more to substantiate further
> discovery in the Halterman case.**

Id at 2.

> In his request for clarification, Halterman states:

> **Plaintiff cannot determine whether he will be appealing the
> court's [summary judgment] order without clarification.  Most
> significantly, is it the court's order that plaintiff's FRCP
> 56(f) application for further discovery is denied, thereby
> preventing plaintiff an opportunity to establish sufficient
> facts to raise a disputed issue of material fact because:**
>
> **1) Plaintiff failed to pursue discovery for said information
> previously in a diligent manner, and therefore is now
> precluded from doing so?**
>
> **OR**
>
> **2) the application is denied solely because the evidence
> plaintiff seeks only pertains to the accident element of
> Article 17 liability and not the causation element of said
> liability and for that reason [sic] irrelevant and moot.**
>
> **The clarification is necessary because if the court ordered
> denial of the application due to a lack of discovery conducted
> on plaintiff's part, said result would be patently unfair to
> plaintiff  * * * If the latter is the sole reason for the
> denial, plaintiff must forego an appeal on said ground.**

Id at 4-5.

> The court first notes that it is still not clear that

Halterman was diligent even in pursuing the "severely limited"

2

discovery permitted by the court.  See Summary Judgment Order (Doc #628) at 23 (noting that Halterman never served an interrogatory requesting that Qantas identify the flight crew of QF94).

Halterman's FRCP 56(f) request was denied, however, because Halterman failed to comply with FRCP 56(f).  Specifically, as stated in the July 10 order, Halterman's FRCP 56(f) declaration failed to identify specific facts Halterman hoped to elicit from further discovery, failed to show that those facts exist and failed to show that those facts were essential to resist summary judgment. See Order (Doc #628) at 22.

SO ORDERED.

_____

VAUGHN R WALKER

United States District Chief Judge

**United States District Court**
For the Northern District of California

3